OPINION OF THE COURT
Lee Holzman, J.
An attorney for the executor, the decedent’s spouse and al *662 leged sole interested party in this estate, submits a proposed order that citation issue seeking an in camera review and approval of his retainer and fee arrangement with the executor. Apparently, the retainer agreement relates to services that counsel will render in an action pending in the United States District Court, Northern District of California, from which the fiduciary’s prior counsel withdrew. The attorney was provided an opportunity to present authority in support of his contention that the court should review and approve the retainer and fee arrangement prior to the rendition of any services. The attorney submits a memorandum of law citing three decisions holding that, after the legal services were performed, the contingent retainer agreement at issue was reasonable. He also noted that SCPA 2110 (1) authorizes the court to fix and determine compensation at any time during the administration of an estate. Neither the cases cited nor the statute supports the contention that the court should review the agreement prior to the performance of any legal services (see SCPA 2110 [1] [“to fix . . . compensation ... for services rendered”]). Generally, fiduciaries have the ability to retain and pay counsel without court authorization (see EPTL 11-1.1 [b] [22]). It would be an unacceptable burden on the courts if fiduciaries were allowed to seek an advisory opinion as to the validity of the terms of every retainer agreement. This application appears to be a request for advice and direction (see SCPA 2107 [2], [3]), and as no basis has been demonstrated for the court to exercise its discretion to entertain the application, the court declines to do so where, as here, the court would be placing its imprimatur upon a contingent fee agreement without any knowledge with respect to its practical effect. Accordingly, this decision constitutes the order of the court declining to entertain the application, and is without prejudice to the commencement of an SCPA 2110 proceeding, if appropriate, after services are rendered.